940 F.2d 658
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sally Marie BAKER, Plaintiff-Appellant,
v.
Sheldon L. MILLER, State of Michigan, Frank Kelley, Attorney
General, et al. Defendants-Appellees.
 No. 91-1161.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1991.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Sally Marie Baker, a pro se Michigan citizen, appeals from the district court's judgment dismissing her action for legal and medical malpractice filed pursuant to 28 U.S.C. Secs. 1331 and 1332. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Seeking damages, Baker sued various physicians (Newby, Lawson, Kapitansky, Grekin, Elton, Schwartz, Stroud, Harrell, Porretta, Moylan and O'Brien), hospitals (the Straith Clinic, Providence Hospital, the University of Michigan Medical Center), attorneys (Miller, Dickinson, Austin, Jones), a state mediation association (Bogos, Becker, Lockow, Archer, Shillman, Meyers, Rasucei), two insurance companies (Underwriters Adjusting Company, Continental Insurance Company), the state of Michigan, and the Michigan Attorney General. Baker's complaint consists of eight counts asserting: medical malpractice; collusion by the physicians, insurers and attorneys to prevent her from gaining access to her medical records; breach of contract by the insurance companies; negligence by the mediators in deciding her claims; and denial of her rights to due process and equal protection of the law by the state of Michigan and the state attorney general, because the state's statutes of limitations have barred her from the adjudication of some of her claims.
 
 
 3
 Specifically, Baker asserts that she suffered burning, scarring, and muscle contraction of the upper half of her face as a result of a chemical face peel performed in July 1972; and that she has suffered pain and difficulty walking as the result of an improper bilateral bunionectomy performed in August 1972. She further asserts that the attorneys committed legal malpractice in the handling of her medical malpractice claims and that the state of Michigan has denied her due process of law in adjudicating her malpractice claims.
 
 
 4
 After a review, the district court dismissed Baker's actions as frivolous pursuant to 28 U.S.C. Sec. 1915(d). The district court found that: (1) Baker's claims of legal and medical malpractice and negligence did not give rise to federal question jurisdiction; (2) that Baker's action did not give rise to diversity jurisdiction because Baker and most, if not all, of the defendants were citizens of Michigan; and (3) that Baker's claims that the state of Michigan and the Michigan Attorney General violated her constitutional rights were conclusory and frivolous. Baker has filed a timely appeal. In addition, Baker has filed a motion for miscellaneous relief, which seeks to subpoena her medical records from defendants.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Baker's action as frivolous because it lacks an arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 6
 Accordingly, the motion for miscellaneous relief is denied; and the district court's judgment is hereby affirmed for the reasons stated in the district court's order of dismissal filed November 30, 1990. Rule 9(b)(3), Rules of the Sixth Circuit.